By the Court.—Barbour, C. J.
The Act "of 1866, like its predecessor of 1789, invests a party who is entitled to the benefit of its provisions with a tremendous power—the power of ousting a high court of a sovereign State of all jurisdiction, without its own consent or even interposition. For, upon the" filing of the petition and other papers required by the act, the State court is ipso facto, eo instanti, wholly and forever divested of its jurisdiction, and the action must thenceforth proceed, if at all, before a tribunal of another and different government. So extraordinary a power and operating such consequences, it is easy to see, can be exercised only upon and by the most strict, literal, and perfect compliance with every provision required by the act.
The statute in question was not intended for the benefit of either of the parties when both the plaintiff and the defendant are citizens of the same State or of different States other than that in which the action is pending, but only where the plaintiff in a case like this is a citizen of the State in which the suit is brought, and the defendant a citizen of another State. Indeed, it is the fact that the parties are thus situated in regard to their citizenship respectively, and nothing else,- that *526 gives authority to Congress under the constitution to legislate upon the subject, and of course it is of the highest importance that the papers should show clearly and conclusively that the party seeking to remove the cause is a citizen of some State other than that in which the action is brought, and that his opponent is a citizen of the latter State; and so the statute requires. In this case, however, the petition did not state that the plaintiffs either then, or when the action was brought, were residents or citizens of the State of Hew York, without qualification or limitation, but only alleged that the suit was-instituted by them as executors, under letters testamentary issued to them here, and further averred that the plaintiffs, as such executors, were citizens of this State, which in effect is the mere averment of a legal conclusion that they were citizens of this State because letters testamentary had been granted to them by a surrogate of Hew York.
It is not necessary to consider whether the defendant is right in supposing that a surrogate has power thus to make a citizen. It is sufficient to say that the averment, as it stands, raises a question for judicial decision, and is not the unqualified statement of the fact of citizenship which is required by the act of 1866.
The fact, too, which I understand to have been established during the progress of the action, that the plaintiffs were and still remain residents and citizens of Wisconsin, is wholly unimportant so far as concerns the question before us. If the requisite facts had been set forth in the petition, the cause, as we have seen, would have been removed from the jurisdiction of the court upon and by the filing of the papers, whether those facts were true or false.
The result of my conclusions is that the filing of the petition and other papers in this case did not oust the court of its jurisdiction. The judgment should therefore be affirmed, with costs. The other case between *527 the same parties involves the same question, and the judgment therein should be affirmed, with costs.
Curtis and Van Yorst, JJ., concurred.